Filed 1/20/15  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073788 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F04465) |
| v. | |
| CONNOR GENE JOHNSON, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**PROCEDURAL AND FACTUAL BACKGROUND**

In October 2000, a jury found defendant Connor Gene Johnson guilty of second degree robbery, and sustained true findings on two prior serious felony enhancements.

1

The trial court sentenced defendant under the three strikes law to a term of 35 years to life.

On January 24, 2013, defendant filed a petition for writ of habeas corpus requesting his sentence be recalled and he be resentenced pursuant to Penal Code section 1170.126.[1]  The trial court construed the petition as a section 1170.126 motion for resentencing.  The trial court then denied the motion, noting that defendant was ineligible for resentencing under section 1170.126, subdivision (e)(1), as the jury convicted him of a serious felony.  Defendant appeals that denial.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offense.

## DISPOSITION

The judgment is affirmed.

<u>     MURRAY       </u>, J.

We concur:

<u>     BLEASE       </u>, Acting P. J.

<u>     BUTZ        </u>, J.